[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTION TO MEMORANDUM OF DECISION
On January 31, 2001, the court issued a memorandum of decision on the merits of the above-captioned case. The court has noticed that the calculation of damages double-counts lost wages, in that the total includes not only the lost wages awarded but also the sub-total calculations for various periods that comprise the lost wages. Accordingly, the court hereby corrects the memorandum of decision as follows:
Economic damages: $ 32,367.23 (medical bills and expenses) $ 69,291.42 (past and future lost wages) Noneconomic damages $250,000.00
TOTAL $351,658.65
Conclusion
The court finds that the plaintiff has failed to prove any of his claims of negligence against defendant Fernando Lage. Judgment shall enter in favor of Fernando Lage. The plaintiff has proved his claim against defendants Edward Degnan and Dufour Transportation and shall recover damages in the amount of $351,658.65 from these defendants.
The plaintiff has appealed from a denial of worker's compensation benefits. If the parties are unable to agree on the effect of any eventual award of such benefits on the plaintiff's recovery, they shall file an appropriate motion with the court.
Lewis Tree Service filed a complaint as an intervening plaintiff, alleging that the plaintiff had filed a claim for worker's compensation but that it had not yet paid any benefits pursuant to that claim. Because the intervening plaintiff proved no payment of benefits at the time of trial, judgment shall enter against the intervening plaintiff, Lewis Tree CT Page 2083 Service.
The plaintiff shall recover his costs upon filing a bill of costs with the clerk of the court.
Beverly J. Hodgson Judge of the Superior Court